IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARILE LEE JOHNSON PLAINTIFF

VS. CIVIL ACTION NO. 3:12cv292-FKB

TYRONE LEWIS, et al. DEFENDANT

ORDER

Darile Lee Johnson brought this action pursuant to 42 U.S.C. § 1983 challenging the conditions at the Hinds County Detention Center in Raymond, Mississippi (HCDC). Presently before the Court is Defendants' motion for summary judgment [28]. Plaintiff has failed to respond to the motion.[1] Having considered the motion, Plaintiff's complaint, and his testimony at the *Spears*[2] hearing, the Court concludes that the motion should be granted and this action dismissed with prejudice.

Johnson was housed as a pretrial detainee at HCDC from January of 2012 until the latter part of that same year. He filed his complaint in April of 2012, and a *Spears* hearing was held in October 2012. In his complaint, he alleged that showers and other areas at

[1]Defendants' motion for summary judgment was filed on June 28, 2013. However, on September 4, 2013, the Court dismissed this action without prejudice because of Plaintiff's failure to keep his address current or to make any contact with the Court for a number of months. Plaintiff subsequently initiated contact with the Court, provided a new address, and moved for reconsideration of the dismissal. That motion was granted by order entered February 4, 2015 [43]. In the order, the Court directed Defendants to mail copies of their motion for summary judgment and supporting memorandum to Plaintiff at his current address. The Court stated that Plaintiff would have 14 days from service of the motion in which to file a response. On March 2, 2015, Plaintiff requested additional time in which to respond. The Court granted the request and set a new deadline of May 8, 2015. Plaintiff never filed a response.

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

HCDC were infested with mold, that metal surfaces were rusted, that the food was often cold and undercooked, that food trays were not cleaned adequately, and that the kitchen area was infested with rats and bugs. He complained that he contracted athlete's foot from the showers and that he suffered from vomiting and stomach aches as a result of problems with the food. Johnson also complained that doors at the facility were not adequately secured, such that inmates would frequently rob and attack other inmates. Finally, he alleged that during his first week at the jail, he was placed in an over-crowded holding tank and was forced to sleep on the floor. At the *Spears* hearing, Johnson admitted that since the filing of his lawsuit, prison officials had secured the doors and that security had improved. He maintained that the other conditions persisted.

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" is "usually the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 453 (5th Cir. 2009). However, it can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed. *Id.* at 452. Proving the existence of a *de facto* policy "is a heavy burden." *Id.* Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.,* 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454. In the present case,

Plaintiff describes conditions which are troubling and which were undoubtedly uncomfortable. However, he has not come forward with evidence of conditions that resulted in his being deprived of his basic human needs. The Court concludes that Plaintiff has failed to establish a genuine issue of material fact. Accordingly, Defendants' motion for summary judgment is hereby granted. A separate judgment will be entered.

Respectfully submitted, this the 11th day of August, 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE